UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80553-CIV-MARRA/MATTHEWMAN

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE NOVASTAR
MORTGAGE FUNDING TRUST, SERIES
2006-5 NOVASTAR HOME EQUITY LOAN
ASSET-BACKED CERTIFICATES, SERIES
2006-5,

     Plaintiff,

vs.

JOSEPH DEYOUNKS, *et al.*,

     Defendant.

_____/

<u>OPINION AND ORDER REMANDING CASE</u>

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand [DE 15].

Defendant, proceeding *pro se*, has not responded and the time period for doing so has

expired.  The Court has carefully reviewed the motion, entire court record, and is

otherwise fully advised in the premises.

On October 8, 2010, Plaintiff initiated this action in the Circuit Court of the

Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  Plaintiff filed its

Verified Complaint seeking to foreclose a mortgage it held on certain residential real

property located at 3630 Avenue H West, Riveria Beach, Florida 33404, which the

Defendant, Joseph Deyounks ("Deyounks"), has owned and claimed (and still claims)

as his homestead.  Defendant improperly removed this case asserting this court has

jurisdiction over this matter.  In fact, no federal question was raised on the face of

the complaint filed in state court which would give rise to federal jurisdiction under

28 U.S.C. § 1331; and to the extent diversity of citizenship jurisdiction may exist

pursuant to 28 U.S.C. § 1332, removal was untimely and Defendant, being a citizen of

Florida[1] and a defendant in a state court proceeding pending in Florida, may not

remove this case to federal court.  As a result, this matter must be remanded.

### Legal Standard

Any civil action filed in state court may be removed by the defendant to

federal court if the case could have originally been brought in federal court.  28

U.S.C. § 1441(a).  The burden of establishing subject matter jurisdiction for purposes

of removal is on the defendant.  *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972

(11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir.

2001)).  Removal jurisdiction is construed narrowly and "all doubts about jurisdiction

should be resolved in favor of remand to state court."  *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Pursuant to 28 U.S.C. § 1331,

federal question jurisdiction exists when a plaintiff's cause of action "arises under"

federal law.  Thus, a case filed in state court which arises under federal law may be

removed to federal court.  28 U.S.C. § 1441(a).  Whether a federal question appears

must ordinarily be determined on the face of the plaintiff's well-pleaded complaint.

---

*See* Civil Cover Sheet, DE 1-1, where Defendant asserts he is a citizen of Florida, and
¶ 5 of the Notice of Removal, DE 1.

*Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (citing *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

Additionally, a notice of removal must be filed within 30 days after the defendant is served with process or within 30 days of when it is ascertainable that the case is one which is removable.  28 U.S.C. 1446(b)(1) and (b)(3). Nor can a case be removed based on diversity of citizenship more than one year after commencement of the action in state court.  28 U.S.C. § 1446(c)(1).  Lastly, when the basis for removal jurisdiction is diversity of citizenship, the case cannot be removed if any defendant is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).

<u>Discussion</u>

First, Deyounks' Notice of Removal and Amended Notice of Removal, which he filed more than *30 months* after the Plaintiff commenced this action and served him with the Complaint, are untimely and procedurally defective under 28 U.S.C. § 1446(b)(1), which requires removal within *30 days* after receipt of the initial pleading.

Second, federal question jurisdiction does not exist in this state law foreclosure case.  Clearly Florida law, not federal law,  governs the foreclosure of a mortgage on Florida property.

Third, Deyounks' attempt to remove this matter on the basis of diversity jurisdiction is untimely and defective under 28 U.S.C. § 1446(c)(1) because removal

was attempted 2 ½ years after Plaintiff had served him with process.  *See Hoggins v. Mid-Continent Cas. Co.*, 12-81159-CIV, 2013 WL 394882, *2 (S.D. Fla. Jan. 31, 2013) ("As a threshold matter, a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332 (diversity of citizenship)] more than one year after commencement of the action." ) 28 U.S.C. § 1446(c)(1).

Lastly, since the only basis for removal jurisdiction in this case could be diversity of citizenship, this case is not removable because Defendant is a citizen of Florida.  28 U.S.C. § 1441(b)("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").   Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 15] is GRANTED.  This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of January, 2014.

KENNETH A. MARRA
United States District Judge